**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BRENDA ROBINETTE, | ) | CASE NO. 5:19-cv-2476 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| PROMEDICA PATHOLOGY LABS, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on the motions of defendants Lifecare Family Health & Dental Center, Inc. ("Lifecare") (Doc. No. 16) and Promedica Pathology Labs, Inc. ("Promedica") (Doc. No. 18) to dismiss the complaint of plaintiff Brenda Robinette ("Robinette") (Doc. No. 1). Plaintiff opposed only Lifecare's motion (Doc. No. 19); Lifecare did not file a reply.

For the reasons that follow, defendants' motions are granted.

## I. BACKGROUND

Robinette brought this action against Lifecare and Promedica alleging racial discrimination, retaliation and wrongful termination in connection with her employment with defendants in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. She sought and received leave to proceed with this action in forma pauperis. Upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court concluded that Robinette failed to state a claim upon which relief could be granted and dismissed the action sua sponte. (Doc. Nos. 4, 5.) Robinette appealed (Doc. No. 6), and the United States Court of Appeals

1

for the Sixth Circuit concluded that, although it was a close call, Robinette stated plausible Title VII claims and it remanded the case for further proceedings. *See Robinette v. Promedica Pathology Labs*, No. 20-3338, 2021 WL 1158181 (6th Cir. Jan. 5, 2021).

After the case was remanded, Lifecare moved to dismiss Robinette's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on two grounds. First, Lifecare argued that Promedica, not Lifecare, employed Robinette and, while she was assigned to Lifecare by Promedica, she does not allege that Lifecare was her employer or took any adverse employment action against her. Second, Lifecare asserts that Robinette's claims are barred by the statute of limitations because she did not file the instant action within ninety (90) days of receiving her right-to-sue notices from the Equal Employment Opportunity Commission ("EEOC") (*See* Doc. No. 16 at 4–6.[1])

Promedica also moves to dismiss Robinette's claims pursuant to Rule 12(b)(6) on the grounds that Robinette's claims are time-barred because she did not file this action within ninety (90) days of receiving her right-to-sue notices from the EEOC. In addition, Promedica seeks dismissal pursuant to Fed. R. Civ. P. 41(b) for failure to comply with Fed. R. Civ. P. 10(b). (Doc. No. 18 at 4–6.)

Robinette responded only to Lifecare's motion, although the bases for defendants' motions are the same with respect to dismissal for failure to timely file the complaint within the ninety-day statutory window. (Doc. No. 19.)

---

[1] All page number references are to the consecutive page numbers assigned to each document by the Court's electronic filing system.

## II. DISCUSSION

### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move for dismissal of a complaint for failure to state a claim upon which relief may be granted. The propriety of dismissal pursuant to Rule 12(b)(6) is a question of law. *Roberson v. Tennessee,* 399 F.3d 792, 794 (6th Cir. 2005). When reviewing a motion to dismiss for failure to state a claim, the Court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law. *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007) (citing *United States v. Moriarty,* 8 F.3d 329, 332 (6th Cir. 1993)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### B. 90-day Filing Requirement

In March 2018, Robinette filed charges with the EEOC regarding the defendants' alleged discriminatory conduct and received her right-to-sue notices from the EEOC on July 20, 2019.[2] (Doc. No. 1 at 6; Doc. No. 1-1 at 1–5.) The notices advised Robinette that if she desired to file a lawsuit in federal court based upon her EEOC charges, "[y]our

---

[2] Doc. No. 1-1 consists of right-to-sue notices for five (5) different EEOC charge numbers, all of which were mailed by the EEOC on July 15, 2019.

lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost." (Doc. No. 1-1 at 1–5 (emphasis in original).)

If an individual desires to file a Title VII claim in federal court, the claim must be filed within ninety (90) days of receiving notice of the EEOC's dismissal of her charges. 42 U.S.C. § 2000e-5(f)(1). Federal courts strictly enforce Title VII's ninety-day statutory limit. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000); *see also Peete v. Am. Standard Graphic*, 885 F.2d 331, 331–32 (6th Cir. 1989) (affirming dismissal of action filed ninety-one days after receipt of the right-to-sue notice). Plaintiff's pro se status does not exempt her from compliance with Title VII's ninety-day limitations period for filing an action in federal court. *See Graham-Humphreys*, 209 F.3d at 557 ("'[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.'") (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984) (*per curiam*)); *see also Hudson v. Genesee Intermediate Sch. Dist.*, No. 13-cv-12050, 2013 WL 6163220, at *4 (E.D. Mich. Nov. 25, 2013) ("As many courts have held, 'Title VII's [90] day period applies to pro se plaintiffs, and even one day's delay is fatal to a claim.'") (collecting cases).

According to the complaint, Robinette received the right-to-sue notices on July 20, 2019. (Doc. No. 1 at 6.) This action was filed on October 23, 2019—ninety-five days later. Robinette acknowledges that this action was not filed by the Clerk within the ninety-day statutory time-period, but maintains that she satisfied the statutory requirement by mailing the complaint to the Clerk via certified mail from the United States Post Office within the

ninety-day period on October 17, 2019.[3] (Doc. No. 19 at 2 (Robinette claims that the date of the certified receipt "has been considered the filing date, not the date [the complaint was] received and signed for at the court."; *see id.* at 3.) The ninety-day deadline for filing her claim was Friday, October 18, 2019.[4] The complaint was delivered to the Clerk on October 23, 2019 and filed the same day. (*See* Doc. No. 19-1 at 2–3.)

Robinette cites no legal authority in support of her argument that the mailing date, not the date the complaint was received and filed by the Clerk, constitutes the "filing date" for purposes of compliance with the ninety-day limitations period. Papers filed non-electronically are filed by delivering the paper to the clerk or to a judge who accepts it for filing. *See* Fed. R. Civ. P. 5(d)(2). "If mailed, the filing is accomplished only when actually received by the clerk or when placed in the clerk's post office box." *Torras Herreria y Construcciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir. 1986) (citing Rule 5 and *Lee v. Dallas Cnty. Bd. of Educ.,* 578 F.2d 1177, 1178, 1179 (5th Cir. 1978)). "Filings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline." *Id.* (citations omitted); *see also McNeely v. Thompson*, No. 13-cv-13790, 2014 WL 806847, at *6 (E.D. Mich. Feb. 28, 2014) (granting defendants' Rule 12(b)(6) motion to dismiss § 1983 claim where plaintiff mailed the complaint on the last day within the statute of limitations and the Clerk's office did not receive and docket the complaint until two days later) (citing *Torras Herreria y Construcciones,* 803 F.2d at 216); *see also*

---

[3] In support of her argument that she mailed the complaint within the ninety-day period on October 17, 2019, Robinette attaches a certified mail receipt dated October 17, 2019 for delivery to 2 S. Main Street, Akron, Ohio. (*See* Doc. No. 19-1.)

[4] The expected delivery date noted on the USPS documentation was Saturday, October 19, 2019. Even if the complaint was delivered on Saturday as expected, it would not have been delivered to the Clerk within the ninety-day deadline. (*See* Doc. No. 19-1 at 1.)

*Nearhood v. Tops Markets, Inc*., 76 F. Supp. 2d 304, 305–06 (W.D. N.Y. 1999) ("It is well established . . . that when papers are mailed to the clerk's office, filing is complete only upon the clerk's receipt of those papers, and that filings reaching the clerk's office after a deadline are untimely, even if they are mailed before the deadline.") (collecting cases and citing among authority *Torras Herreria y Construcciones,* 803 F.2d at 216).

This requirement that papers must be received by the clerk, not mailed, to be considered filed applies to complaints alleging violations of Title VII.[5] *See Nearhood*, 76 F. Supp. 2d at 306 (granting defendant's motion to dismiss where plaintiff admits to the date she received the EEOC notice and the Title VII complaint was mailed but not received by the clerk before the expiration of the 90-day time period) (citing among authority *Torras Herreria y Construcciones*, 803 F.2d at 216); *Myrick v. Discover Bank*, No. 12-cv-731, 2013 WL 3784158, at *4–5 (D. Del. July 16, 2013) (granting defendant's motion to dismiss plaintiff's complaint as untimely filed where plaintiff placed her Title VII complaint in priority mail on the last day of the 90-day period and complaint was received by the clerk two days later), *aff'd,* 662 F. Appx 179 (3d Cir. 2016); *McCorkle v. BEB Wright*, No. 5:17-cv-117, 2017 WL 3594256, at *2–3 (E.D.N.C. Aug. 21, 2017) (dismissing plaintiff's Title VII claim as time barred where plaintiff mailed her complaint on the 90th day of the limitations period and complaint was not delivered to the clerk within the limitations period); *Thomas v. Progress Energy Fla., Inc.*, No. 4:08-cv-574, 2009 WL 3761993, at *4

---

[5] The "prison mailbox rule" does not apply to plaintiff's Title VII action. *See Myrick v. Discover Bank*, No. 12-cv-731, 2013 WL 3784158, at *4 (D. Del. July 16, 2013) ("the exceptions to timing requirements as set forth in the 'prison mailbox rule' are inapplicable" to plaintiff's Title VII action) (citing *Kareem v. F.D.I.C,* 482 F. App'x 594, 595 (D.C. Cir. 2012) (unpublished) (further citation omitted)), *aff'd,* 662 F. App'x 179 (3d Cir. 2016).

6

(N.D. Fla. Nov. 9, 2009) (recommending that defendant's motion to dismiss be granted where plaintiff mailed the Title VII complaint to the clerk on the last day of the 90-day deadline (Friday), which was not received by the clerk until after the deadline passed on the following Monday); *Getachew v. Columbus City Sch.*, No. 2:11-cv-861, 2012 WL 748783, at *3 (S.D. Ohio Mar. 8, 2012) (rejecting plaintiff's argument that the complaint was filed the date it was placed in the mail and granting defendant's motion for summary judgment dismissing plaintiff's Title VII claim as untimely filed where the complaint was not received by the clerk until after the expiration of the 90-day limitations period) (citations omitted); *Schluter v. Encore Rehab. Servs., LLC*, No. 19-cv-13092, 2020 WL 6572663, at *6 (E.D. Mich. Oct. 20, 2020) (recommending dismissal of plaintiff's Title VII complaint where her own allegations "affirmatively prove" that her claims are time-barred by the 90-day deadline in 42 U.S.C. § 2000e-5(f)(1)), *report and recommendation adopted,* No. 19-cv-13092, 2020 WL 6562256 (E.D. Mich. Nov. 9, 2020).

Here, viewing all the facts in a light most favorable to Robinette, there is no question that this action was untimely filed. Plaintiff admits that she received the right-to-sue notices July 20, 2019 (Doc. No. 1 at 6), which she attaches to the complaint (Doc. No 1-1). The notices clearly warn Robinette that if she desires to file a federal lawsuit against the respondents in her EEOC charge, she must do so within ninety-days of receiving the right to sue notices or her right to sue will be lost. (*See* Doc. No. 1-1.) There is no dispute that Robinette's complaint was not filed until five days after the ninety-day period expired. Robinette's argument that the complaint was timely filed because she mailed the complaint

to the clerk the day before the ninety-day period expired is unavailing in the face of well-established legal authority to the contrary.[6]

"[T]he ninety-day filing requirement of 42 U.S.C. § 2000e–5(f)(1) is not a jurisdictional requirement but, instead, is a timing requirement similar to a statute of limitations, subject to waiver, estoppel and equitable tolling." *Truitt v. Cnty. of Wayne,* 148 F.3d 644, 646–47 (6th Cir. 1998). Generally, equitable tolling "applies when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys,* 209 F.3d at 560–61 (citing *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984)).

> [The Sixth Circuit has] identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Graham-Humphreys*, 209 F.3d at 561 (quoting *Truitt v. Cnty. of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998)).

---

[6] Robinette argues in opposition to defendants' motions that, in the past, she has sent complaints to the clerk by certified mail and the mailing date was considered the filing date. (Doc. No. 19 at 2.) The Court has reviewed the dockets of the numerous cases Robinette has filed in the Northern District of Ohio and found no case that supports plaintiff's argument. *Wilson v. Sherwin Williams Co.*, No. 1:19-cv-2311, 2020 WL 589045, at *1 (N.D. Ohio Feb. 5, 2020) ("The Court may take judicial notice of prior litigation on its own docket[.]") (citations omitted). And even if in the past the clerk had erroneously assigned a filing date to a complaint based upon the mailing date, that error does not provide Robinette with an excuse for failing to comply with the statutory limitations period and well-established law that receipt by the clerk, not mailing of the complaint, constitutes "filing." While the filing of a complaint beyond the statutory time period may be permissible under circumstances where tolling is appropriate, only the Court, not the clerk, may make that determination in a proper procedural context.

In this case, construing the complaint in a light most favorable to Robinette, there is no indication that her failure to follow the ninety-day statutory filing requirements was the result of circumstances beyond her control, and her mistaken belief that mailing the complaint within the ninety-day period satisfied the filing requirement is an insufficient basis upon which to toll the ninety-day statute of limitations. *See Graham-Humphreys*, 209 F.3d at 560 (plaintiff's misunderstanding of when the of 90-day filing period commenced is insufficient to toll the statutory filing period); *see also Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991) (party's pro se status does not excuse non-compliance with rules and procedures); *Williams v. Sears, Roebuck & Co.*, 143 F. Supp. 2d 941, 947 (W.D. Tenn. 2001) (citing *Marsh v. Soares,* 223 F.3d 1217, 1221 (10th Cir. 2000) (pro se plaintiff's ignorance of a time requirement is not an excuse for noncompliance)).

"Although the time limit to file a Title VII action is not jurisdictional, it is still a condition precedent to filing an action in federal court." *Page v. Metro. Sewer Dist. of Louisville & Jefferson Cnty.*, 84 F. App'x 583, 585 (6th Cir. 2003) (citing *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982); *Banks v. Rockwell Int'l N. Am. Aircraft Operations,* 855 F.2d 324, 326 (6th Cir. 1988)). Robinette deliberately placed the complaint in the mail to the Court on the eighty-ninth day based upon her erroneous belief that mailing constituted filing, and her erroneous understanding of the filing requirements is an insufficient basis upon which to toll the statutory time period. Where the allegations in the complaint and plaintiff's response to defendants' motions to dismiss affirmatively show that the claim is time-barred, dismissal under Rule 12(b)(6) is appropriate. *See Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 868–69 n.10 (N.D. Ohio 2013) (where the allegations in the complaint affirmatively show that the

9

claim is time-barred dismissal under Rule 12(b)(6) is appropriate) (citing *Cataldo v. U.S. Steel Corp.,* 676 F.3d 542, 547 (6th Cir. 2012); *see also Leahy v. Stevens Point Area Sch. Dist.*, No. 09-cv-717, 2011 WL 13356716, at *3 (W.D. Wis. Mar. 7, 2011) ("where pro se litigants have mailed the complaint on the 90th day believing that such action constituted filing, courts have refused to equitably toll the deadline and allow the case to continue") (collecting cases).

### III. CONCLUSION

For all of the foregoing reasons, defendants' Rule 12(b)(6) motions are granted. Plaintiff's complaint is dismissed with prejudice, and this case is closed. A Judgment Entry will be separately published.

**IT IS SO ORDERED**.

Dated: August 30, 2021

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

claim is time-barred dismissal under Rule 12(b)(6) is appropriate) (citing *Cataldo v. U.S. Steel Corp.,* 676 F.3d 542, 547 (6th Cir. 2012); *see also Leahy v. Stevens Point Area Sch. Dist.*, No. 09-cv-717, 2011 WL 13356716, at *3 (W.D. Wis. Mar. 7, 2011) ("where pro se litigants have mailed the complaint on the 90th day believing that such action constituted filing, courts have refused to equitably toll the deadline and allow the case to continue") (collecting cases).

### III. CONCLUSION

For all of the foregoing reasons, defendants' Rule 12(b)(6) motions are granted. Plaintiff's complaint is dismissed with prejudice, and this case is closed. A Judgment Entry will be separately published.

**IT IS SO ORDERED**.

Dated: August 30, 2021

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**